IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> POOR INVESTORS LLC D/B/A THREE MONKEYS PUB & GRILL; MARIA ANDREE; RUBEN E. RENTERIA JR., <br><br> Defendants. | Case No.  2:26-cv-00816 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

## INTRODUCTION

In this action, Plaintiff Associated Industries Insurance Company, Inc. ("AIIC") seeks declaratory relief concerning its obligations, if any, to provide insurance coverage to its insureds, Poor Investors LLC d/b/a Three Monkeys Pub & Grill ("Three Monkeys") and Maria Andree ("Andree"), and to provide payment to underlying plaintiff Ruben E. Renteria Jr. ("Renteria") in underlying case number 23-2-02942-06 in Clark County Superior Court for the State of Washington (the "Underlying Lawsuit").

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.:  2:26-cv-00816  - 1

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
Tel.: 206.447.6461

## PARTIES

1.     Plaintiff AIIC is a corporation organized under the laws of the State of Florida and has its principal place of business in Boca Raton, Florida. AIIC is therefore a citizen of Florida.

2.     Three Monkeys is a Washington Limited Liability Company with its principal place of business in Vancouver, Washington.

3.     Andree is a resident of the state of Washington, and a member of the Three Monkeys limited liability company. Andre, therefore, is a citizen of Washington.

4.     Renteria is a resident of the state of Washington. Renteria, therefore, is a citizen of Washington.

5.     Three Monkeys and Andre assigned to Renteria all rights against AIIC arising out of the Underlying Lawsuit and Renteria intends to assert claims against AIIC as assignee of Three Monkeys and Andre.

## JURISDICTION AND VENUE

6.     This Court has personal jurisdiction over all parties.

7.     In this action, AIIC seeks declaratory relief regarding its obligations for an underlying claim under an insurance policy issued to Three Monkeys with relevant limits of insurance in excess of $75,000. Renteria seeks in excess of $75,000 from Three Monkeys and Andree in the Underlying Action.

8.     Actual, real, and currently justiciable controversies exist between the parties as to the issues described herein. A declaration from the Court on these issues will permit the parties to order their affairs accordingly. Under 28 U.S.C. § 2201, the Court has authority to issue a declaratory judgment resolving these controversies.

9.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 2201 and under 28 U.S.C. § 1332 because AIIC is a citizen of Florida, and Defendants are citizens of Washington State and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Venue is proper in this district because the Underlying Lawsuit is pending in Clark

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:26-cv-00816 - 2

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
Tel.: 206.447.6461

County Superior Court and the events described therein also occurred in Clark County.

## FACTUAL ALLEGATIONS

**The Underlying Action**

11.    On or about November 11, 2023, Renteria filed a complaint against Michelle King ("King"). The complaint generally alleged negligence and sought damages for personal injuries arising out of a motor vehicle collision that occurred on June 25, 2023.

12.    On or about January 22, 2025, Renteria filed an amended complaint (the "Amended Complaint") which added as defendants Three Monkeys and Andree.

13.    The Amended Complaint alleges on or about June 25, 2023, King was served alcoholic beverages at Three Monkeys while apparently intoxicated.

14.    The Amended Complaint alleges that after leaving the bar, King followed Renteria in her car and failed to brake while Renteria slowed down on his motorcycle, and then collided with Renteria.

15.    The Amended Complaint alleges Three Monkeys and Andree overserved King before the motor vehicle collision.

16.    The Amended Complaint asserts a cause of action against Three Monkeys and Andree for Dram Shop/Negligence.

17.    Shortly after receiving notice of this claim, AIIC assigned defense counsel to represent Three Monkeys and Andree in the Underlying Lawsuit.

18.    On December 2, 2025, Renteria and Adree, on behalf of Three Monkeys, reached a settlement of the Underlying Lawsuit, which included a stipulated judgment and assignment of rights against AIIC to Renteria. The settlement totaled $10 million. Before the settlement, Three Monkeys and Andree sought AIIC's participation in the settlement beyond available policy limits.

**The AIIC Insurance Policy**

19.    AIIC issued policy number AES122863300 to named insured Poor Investors LLC d/b/a: Three Monkeys Pub & Grill with a policy period of 09/28/2022 to 09/28/2023 providing

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:26-cv-00816  - 3

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
Tel.: 206.447.6461

Commercial Property, Commercial General Liability, and Liquor Liability coverage pursuant to the terms, endorsements, and exclusions therein (the "Policy"). The Policy has an Each Occurrence Limit of $1,000,000 for both the Commercial General Liability and Liquor Liability coverage parts.

20.    The Policy includes the following relevant portion of the insuring agreement for the Commercial General Liability coverage part:

**SECTION I — COVERAGES**

**COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)**    The amount we will pay for damages is limited as described in Section **III — Limits Of Insurance**; and

        **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages **A** and **B.**

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**    The "bodily injury" or "property damage" occurs during the policy period; . . .

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:26-cv-00816 - 4

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
Tel.: 206.447.6461

21.     The Policy includes the following exclusion for the Commercial General Liability coverage part:

**2.  Exclusions**

This insurance does not apply to:

**c.  Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

22.     The Policy also contains the following relevant endorsement:

**TOTAL LIQUOR LIABILITY EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.**     The following is added to c. **Liquor Liability** of **SECTION I COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

**2.     Exclusions**

This insurance does not apply to:

**c.       Liquor Liability**

**(4)** To allegations including, but not limited to, negligent hiring, placement, training, supervision, or to any Act, error or omission relating to the consumption or distribution of any alcoholic beverage.

23.     The Policy includes the following relevant provision regarding who qualifies as an insured under the Commercial General Liability coverage part:

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:26-cv-00816  - 5

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
Tel.: 206.447.6461

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

2. Each of the following is also an insured:

   c. Your "employees" [whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51), as modified by endorsement], other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

24. The Policy includes the following relevant provisions with respect to the available limits of liability under the Commercial General Liability coverage part:

**SECTION III – LIMITS OF INSURANCE**

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage B.

5. …[T]he Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A…

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:26-cv-00816  - 6

25.    The Policy includes the following relevant definitions for the Commercial General Liability coverage part

### SECTION V - DEFINITIONS

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

26.    The Policy includes the following relevant portion of the insuring agreement for the Liquor Liability coverage part:

### SECTION I — LIQUOR LIABILITY COVERAGE

**1.    Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result. But:

**(1)**    The amount we will pay for damages is limited as described in Section **III — Limits Of Insurance; and**

**(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

**b.**    This insurance applies to "injury" only if:

**(1)**    The "injury" occurs during the policy period and in the "coverage territory"; …

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:26-cv-00816 - 7

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
Tel.: 206.447.6461

27.    The Policy includes the following relevant provision for who qualifies as an insured under the Liquor Liability coverage part:

**SECTION II – WHO IS AN INSURED**

    **1**.    If you are designated in the Declarations as:

        **c.**    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    **2**.    Each of the following is also an insured:

        **c.**    Your "employees" [whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51), as modified by endorsement], other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

28.    The Policy includes the following relevant provisions with respect to the available limits of liability under the Liquor Liability coverage part:

**SECTION III – LIMITS OF INSURANCE**

    **1.**    The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

       a. Insureds;

       b. Claims made or "suits" brought; or

       c. Persons or organizations making claims or bringing "suits".

    **2.**    The Aggregate Limit is the most we will pay for all "injury" as the result of selling, serving, or furnishing alcoholic beverages.

    **3.**    Subject to the Aggregate Limit, the Each Common Cause Limit is the most we will pay for all "injury" sustained by one or more persons or organizations as the result of selling, serving or furnishing of any alcoholic beverage to any one person.

COMPLAINT FOR DECLARATORY JUDGMENT          SELMAN LEICHENGER EDSON
Case No.: 2:26-cv-00816 - 8                HSU NEWMAN & MOORE LLP
                                    600 University Street, Suite 2305
                                         Seattle, WA 98101-4129
                                            Tel.: 206.447.6461

## FIRST CLAIM FOR RELIEF

**(DECLARATORY JUDGMENT THAT AIIC HAS NO DUTY TO INDEMNIFY THREE MONKEYS AND ANDREE IN THE UNDERLYING LAWSUIT)**

29.    AIIC realleges and incorporates by this reference all preceding paragraphs above, in their entirety, as through fully set forth herein.

30.    AIIC and Defendants dispute whether AIIC has a duty to indemnify Three Monkeys and Andree in the Underlying Lawsuit.

31.    An actual, justiciable controversy exists between AIIC and Defendants, including whether AIIC owes a duty to indemnify Three Monkeys and Andree in the Underlying Lawsuit.

32.    The Court should declare AIIC owes Three Monkeys and Andree no duty to indemnify in the Underlying Lawsuit.

## SECOND CLAIM FOR RELIEF (In the Alternative)

**(DECLARATORY JUDGMENT THAT AIIC HAS NO DUTY TO RENTERIA FOR ANY INDEMNITY ABOVE POLICY LIMITS)**

33.    AIIC realleges and incorporates by this reference all preceding paragraphs above, in their entirety, as through fully set forth herein.

34.    AIIC and Defendants dispute whether Renteria can recover any judgment or other indemnity from AIIC with respect to the claims asserted in the Underlying Lawsuit above available limits in the Policy based on the policy provisions described above.

35.    An actual, justiciable controversy exists between AIIC and Defendants, including whether AIIC may owe a judgment or other indemnity to Renteria in the Underlying Lawsuit above available policy limits.

36.    The Court should declare AIIC owes no duty to Renteria in the Underlying Lawsuit above policy limits.

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:26-cv-00816  - 9

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
Tel.: 206.447.6461

**PRAYER FOR RELIEF**

WHEREFORE, AIIC prays for judgment as follows:

A.    On the First Claim for Relief, for a declaration that AIIC owes no duty to indemnify Three Monkeys and Andree in the Underlying Lawsuit;

B.    In the alternative, on the Second Claim for Relief, for a declaration that AIIC owes no judgment or other indemnity to Renteria above policy limits in the Underlying Lawsuit; and

C.    For such other and further relief this Court deems just and proper.

DATED: March 11, 2026.

**SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP**

By:  *s/ Matthew Munson*
Matthew Munson, WSBA #32019
600 University Street, Suite 2305
Seattle, WA 98101
Tel.:      206.447.6461
Email:    mmunson@selmanlaw.com

*Attorneys for Associated Industries Insurance Company, Inc.*

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.: 2:26-cv-00816  - 10

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
600 University Street, Suite 2305
Seattle, WA 98101-4129
Tel.: 206.447.6461

4906-4553-5120